IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SADAKA DAVIS,                              )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )     CIVIL ACT. NO.  2:15cv10-WKW
                                          )               (WO)
DERRICK BONE,                             )
                                          )
        Defendant.                        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Sadaka Davis brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Derrick Bone deprived him of due process during an eviction.  Before the court is the motion for summary judgment[1] (Doc. 10) filed by Defendant Bone.  Having reviewed the motion for summary judgment, together with the pleadings and evidentiary submissions on file, the court concludes that the motion for summary judgment is due to be granted and that this case is due to be dismissed with prejudice.

### I.   Standard of Review

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no

---

[1] Defendant Bone filed the motion as a motion to dismiss for failure to state a claim upon which relief could be granted.  However, because the motion to dismiss relied on material outside the pleadings, the parties were notified that the motion was properly construed as and converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).  (Doc. 15).

genuine [dispute[2]] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322–324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Celotex*, 477 U.S. at 324; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely

---

[2]Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect [ ] the focus of a summary-judgment determination." Fed. R. Civ. P. 56(a), Advisory Committee Notes, 2010 Amendments.

disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249–250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576–1577 (11th Cir. 1990) (quoting *Anderson*, *supra*). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence, when a nonmoving party fails to set forth specific facts supported by

3

appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary

judgment is proper. *Celotex*, 477 U.S. at 323–324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).  However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U .S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## II.    Facts[3]

On September 29, 2014, Edgar Castleberry filed a complaint in the Chilton County

---

[3]At this stage of the proceedings, this court takes the facts alleged by the non-movant as true and construes them in the light most favorable to the non-moving party. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party" and 'resolve all reasonable doubts about the facts in favor of the nonmovant.'  Moreover, the court must avoid weighing conflicting evidence or making credibility determinations.  Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'").  Thus, the facts set forth herein are drafted relying on the undisputed facts and construing the facts in the light most favorable to the non-moving party.

District Court against Sadaka Davis for writ of possession and for writ of unlawful detainer with respect to the house in which Davis and his family were living. (Doc. 11-2). Castleberry alleged that Davis had breached a lease agreement for the property and owed $1,500 in unpaid rent and late fees. (Doc. 11-2). The complaint was served on September 30, 2014. *Castleberry v. Davis*, Chilton District Court Case No. DV-2014-900120, Doc. # 7 p. 2.[4]

On October 6, 2014, Davis answered the complaint alleging that he had no "open" lease contract with Castleberry, that he did not "waive [his] right of possession" to the property, and that he did not "waive any of [his] Constitutional or [his] common law rights." (Doc. 11-3). Davis also filed some preprinted forms that appear to have originated from someone in the sovereign citizen movement who makes forms available for use by *pro se* litigants.[5] On October 15, 2014, Davis filed a motion to dismiss demanding proof of the district court's jurisdiction. *Castleberry v. Davis*, Chilton District Court Case No. DV-2014-900120, Doc. # 9. In his motion to dismiss, Davis did not deny that he was behind on the rent or in breach of a lease agreement. *Id.* The district court denied the motion to dismiss.

---

[4]The court has reviewed, and takes judicial notice of, the public record in the state court proceedings. *See Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277–78, 1280 (11th Cir. 1999)).

[5]For example, Davis filed a form that states: "Affiant, your name here, sui generis, a common man of the Sovereign People, does swear and affirm that the foregoing facts" are true. (Doc. 11-3 p. 4). The form also contains patently incorrect legal advice urging litigants to keep filing "the same motion" even though no judge would grant it and advises that "after this you will have the equivalent of diplomatic immunity and will never even get a ticket. You can only be arrested for causing injury to another party. However, just file the same motion to dismiss because the court still has no jurisdiction." (Doc. 11-3).

*Castleberry v. Davis*, Chilton District Court Case No. DV-2014-900120, Doc. # 10.

On October 27, 2014, Davis filed a notice of special appearance again challenging the jurisdiction of the district court and demanding to be paid $500 for lack of compliance with his earlier demand that the court provide him with proof of its jurisdiction. *Castleberry v. Davis*, Chilton District Court Case No. DV-2014-900120, Doc. # 13. On November 4, 2014, the district court entered the following order:

> This matter was called for trial on November 4, 2014. Plaintiff appeared with Counsel. Defendant Sadaka Davis appeared. . . .
>
> Defendant Davis asked the Court to dismiss for lack of jurisdiction. Motion denied.
>
> Testimony was taken and substantial evidence was presented, and after carefully considering said testimony and evidence it is ORDERED, ADJUDGED and DECREED that
>
> Judgment is rendered for the Plaintiff and against the Defendant(s) on the Unlawful Detainer. The Court hereby ORDERS AND ADJUDGES that the following property, as described in the complaint, be restored to the Plaintiff: 405 2nd Ave South, Clanton, Alabama 35045.
>
> RENT ASCERTAINED TO BE $500.00 PER MONTH DUE ON THE 1st OF THE MONTH. RENT IN THE AMOUNT OF $1250.00 HAS ACCRUED SINCE DATE OF FILING TO DATE.
>
> JUDGMENT IN THE SUM OF $ 1750.00 DOLLARS IS AWARDED AS UNPAID RENT, ATTORNEY FEES, AND LATE CHARGES FOR THE PLAINTIFF WITHOUT WAIVER OF EXEMPTION AS TO PERSONAL PROPERTY PLUS COSTS OF COURT.

*Davis*, Chilton District Court Case No. DV-2014-900120, Doc. # 14.

After the trial, Davis continued to file documents challenging the district court's

jurisdiction.  The court notes that at no time did Davis provide any explanation regarding why he believed the district court lacked jurisdiction.  The court also notes that Davis did not contest the allegation that he had failed to pay rent.

On November 7, 2014, Davis filed a notice of appeal to the Alabama Court of Civil Appeals, which was returned to him on grounds that he had filed the notice in the wrong court.   *Castleberry v. Davis*, Chilton Circuit Court Case No. CV-2014-000065, Doc. # 1. On November 18, 2014, Davis filed a notice of appeal in the Chilton Circuit Court. *Castleberry v. Davis*, Chilton Circuit Court Case No. CV-2014-000065, Doc. # 1.  On November 26, 2014, the circuit court issued a writ of possession directing any lawful officer of Chilton County to restore the property to Castleberry. (Doc. 11-1).

On December 18, 2014, Officer Derrick Bone executed the writ of possession by giving a copy to Sadaka Davis and restoring the property to Castleberry.  (Doc. 11-1; Doc. 18).

### III.   Discussion

On January 7, 2015, Davis filed the complaint in this case against Officer Bone. According to Davis, Officer Bone, acting on a personal whim and without legal authority, evicted Davis and his family from their home with no advance notice of eviction and in the absence of proper eviction procedures.  (Docs. 1, 17, 18).  Davis alleges that Officer Bone kicked in the door of his house while he was not home and a moving crew removed Davis's family's belongings to the curb.  (Doc. 1).  Davis alleges that Officer Bone did not show

8

"eviction papers" but simply informed him that, if he did not remove his family and his belongings from the property within 24 hours, he would be arrested for trespassing.  (Doc. 1).  However, Davis admits that Officer Bone handed him a copy of the writ of possession.  (Doc. 17).  Davis alleges that he is entitled to one million dollars in compensatory damages from Officer Bone in his individual capacity because Officer Bone did not follow "proper procedures."  (Doc. 1 p. 2; Doc. 17).

Officer Bone argues that he is entitled to qualified immunity from Davis's claims.  "[Q]ualified immunity shields government officials who perform discretionary functions from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights."  *Grayden v. Rhodes*, 345 F.3d 1225, 1231 (11th Cir. 2003) (footnote omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).  Thus, in determining whether a state official is entitled to qualified immunity, the court generally considers whether there has been a violation of a constitutional right, and, if so, whether the constitutional right was clearly established at the time of the alleged deprivation.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

"[A]t a minimum, the Due Process Clause requires notice and the opportunity to be heard incident to the deprivation of . . . property at the hands of the government."  *Grayden*, 345 F.3d at 1232.  "In this circuit, a [42 U.S.C.] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  *Id.*

9

(citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).  According to Davis, Officer Bone deprived him of a constitutionally-protected property interest[6] in a leasehold via the following constitutionally-inadequate process: specifically, Officer Bone allegedly appeared at Davis's home one day in the absence of any legal authority and, acting on a personal motive and without following "proper procedures," forcibly evicted Davis with no notice, no opportunity to be heard, without any "eviction process," and for no known reason.  (Doc. 1, Doc. 17, Doc. 18).  However, the undisputed evidence before the court unambiguously shows that Officer Bone was present during the eviction while executing a court order to return the property to Castleberry, a court order which was issued in a court case of which Davis was well aware and in which he fully participated.  In fact, during the eviction, Officer Bone gave Davis a copy of the court order.  (Doc. 18).  Moreover, the evidence presented at trial in the Chilton District Court included a September 19, 2014, notice to Davis to vacate the premises; the notice was signed by the law firm of Barnes and Hilyer on behalf of Edgar Castleberry.  *Castleberry v. Davis*, Chilton District Court Case No. DV-2014-900120, Doc. 16. Thus, there is no factual basis for Davis's claim that Officer Bone, acting without any legal authority, simply arrived at Davis's house on a personal whim one day and, in the absence of any notice of eviction or formal eviction process, returned possession of the house to Castleberry before Davis was afforded notice or an opportunity to be heard.

---

[6]Because the undisputed evidence establishes that there is no merit to Davis's allegation that he was evicted by a constitutionally-inadequate process, the court will not address whether Davis had a constitutionally-protected property interest in the leased property at the time of the eviction.

Because the uncontradicted evidence establishes that Officer Bone did not deprive Davis of due process, Officer Bone is entitled to qualified immunity. *Grayden*, 345 F.3d at 1231 ("[Q]ualified immunity shields government officials . . . from liability for civil damages as long as their conduct does not violate clearly established . . . constitutional rights."). Accordingly, Officer Bone is entitled to summary judgment and Davis's complaint is due to be dismissed with prejudice.

## IV.   Conclusion

Because the court concludes that there is no genuine dispute of material fact and that the Defendant is entitled to judgment as matter of law, it is the **RECOMMENDATION OF THE MAGISTRATE JUDGE**

1.     that Officer Bone's motion for summary judgment (Doc.  10) be granted;

2.     that judgment be granted in favor of the Officer Bone on Davis's § 1983 due process claim and that the claim be dismissed with prejudice; and

3.     there being no other claims pending in this case, that this case be dismissed with prejudice.  It is further

**ORDERED** that the parties shall file any objections to this Recommendation on or before **April 9, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.   Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

11

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*; see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 26th day of March, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE